**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

EUGENE JOHNSON,
            Appellant,

v.

DEPARTMENT OF THE NAVY,
            Agency.

DOCKET NUMBER
PH-0752-19-0206-I-1

DATE:  April 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Clark D. Browne, Clinton, Maryland, for the appellant.

Andrew D. Linenberg, Esquire, and Brian J. Sheppard, Esquire,
    Washington, D.C., for the agency.

Darian Pinkston-Clark and Roburt C. Yale, Washington Navy Yard, D.C.,
    for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his reduction in grade. On petition for review, the appellant argues that the agency failed to prove the failure to follow reporting instructions charge and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one of the specifications of the unacceptable performance charge. Petition for Review (PFR) File, Tab 1 at 3. He also reasserts that the agency improperly failed to place him on a performance improvement plan, failed to send him to "Supervisory School," and reduced his grade in reprisal for his prior equal employment opportunity (EEO) activity. *Id*. at 2. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to provide the appropriate standard for EEO reprisal claims, we AFFIRM the initial decision.

The administrative judge correctly sustained the failure to follow reporting instructions charge. Initial Appeal File (IAF), Tab 17, Initial Decision (ID) at 3-4. In sustaining the unacceptable performance charge, she sustained 13 of the 16 specifications. ID at 4-12. Although we agree with her decision to sustain 11 of those 13 specifications, it is not clear to us that the record supports her decision to sustain specifications P and R, which concern the appellant's failure to respond to emails from his supervisor regarding his subordinates' failure to attend training and to refuel vehicles. ID at 11-12; IAF, Tab 10 at 11. In the initial decision, the administrative judge considered the emails to which the agency claims the appellant failed to respond, the proposal notice, and the

appellant's failure to dispute these specifications. ID at 11-12; IAF, Tab 12 at 30, 32. However, because the specifications allege that the appellant failed to respond to the emails, the emails themselves cannot prove that the appellant failed to respond. IAF, Tab 12 at 30, 32. Regardless, proof of one or more, but not all, of the supporting specifications is sufficient to sustain a charge. *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 16 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012). Accordingly, because the administrative judge appropriately sustained 11 other specifications, we agree with her decision to sustain the unacceptable performance charge.

In concluding that the appellant failed to establish his claim of reprisal due to his filing an EEO complaint based on his race and age, the administrative judge found that "there was nothing to support finding a genuine nexus between the alleged retaliation and the demotion action." ID at 17. On review, the appellant reasserts this claim. PFR File, Tab 1 at 2. Although we agree with the administrative judge's ultimate conclusion that the appellant failed to establish this affirmative defense, we clarify here the proper standard for EEO reprisal claims based on race and age.

An appellant may prove an affirmative defense of retaliation for Title VII activity by showing that his protected activity was at least a motivating factor, i.e., played any part in the agency's action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22. The appellant may meet this burden by submitting any combination of direct or indirect evidence, including evidence of pretext, comparator evidence, and evidence of suspicious timing or other actions or statements that, taken alone or together, could raise an inference of retaliation. *Id.*, ¶ 22.

Here, it does not appear that the EEO complaint is included in the record, and therefore, it is not clear when the appellant filed it. Regarding the deciding official, the appellant has neither alleged nor proven that he was aware of the appellant's EEO complaint. IAF, Tab 9 at 3, Tab 16 at 1; PFR File, Tab 1 at 2.

Further, although the proposing official stated in an affidavit that he was aware of the EEO complaint, he nonetheless did not state when he became aware of it.[2] IAF, Tab 16 at 30. Additionally, the appellant's supervisor, who could have had influence over the proposal action given that many of the specifications of the unacceptable performance charge concerned the appellant's performance of duties under his supervision, stated that he was not aware of the EEO complaint until after the agency proposed the appellant's reduction in grade. *Id.* at 15. Thus, we find that the appellant has failed to prove that any agency official responsible for his grade reduction had knowledge of the EEO complaint at issue. Accordingly, we find that the appellant failed to establish that his EEO complaint was a motivating factor in his reduction in grade, and we modify the initial decision in that regard. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[2] The date of the proposing official's declaration is January 28, 2019. IAF, Tab 16 at 31. Thus, we cannot conclude that, just because he stated that he was aware of the EEO complete on that date, he also was aware of the EEO complaint prior to the issuance of the proposed agency action on September 17, 2018. IAF, Tab 10 at 7.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.